UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

No. 5:25-CR-115-H-01

PETE RYAN RODRIGUEZ,

    Defendant.

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND REFERRING THE ISSUE OF DETENTION TO THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Amended Notice Regarding Entry of a Plea of Guilty, the

Consent of the Defendant, and the Report and Recommendation on Plea of Guilty before

United States Magistrate Judge. Dkt. Nos. 43 and 46. As no objections to the Report and

Recommendation have been filed within fourteen days of service in accordance with 28

U.S.C. § 636(b)(1), the Court accepts and adopts the Report and Recommendation.

Accordingly, the Court accepts the plea of guilty, and Rodriguez is hereby adjudged guilty

of Transportation of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (b).

Sentence will be imposed in accordance with the Court's scheduling order. The Court now

refers the issue of mandatory detention pending sentencing to the Honorable Magistrate

Judge Burch.

## 1. Background

The Superseding Information charges a violation of 18 U.S.C. §§ 2252A(a)(1) and

(b), that is Transportation of Child Pornography. On December 17, 2025, Rodriguez pled

guilty to the charge. The Honorable Magistrate Judge Burch recommended that the plea be

accepted. Having accepted that recommendation, Rodriguez has now been adjudged guilty
of Transportation of Child Pornography.

## 2.    Legal Standard Governing Mandatory Detention

Title 18 United States Code, Section 3143(a)(2) mandates detention after a guilty
plea if the offense of conviction is among those listed in 18 U.S.C. § 3142(f)(1)(A)-(C).
Section 3142(f)(1)(A) details three categories of crime—a crime of violence, a violation of
Section 1591, or an offense listed in Section 2332b(g)(5)(B). Here, Transportation of Child
Pornography is a crime of violence. A crime of violence is defined, among other things, as a
felony under Chapters 77, 109A, 110, or 117 of Title 18. 18 U.S.C. § 3156(a)(4). Chapter
110 includes the statute of conviction at issue in this case—18 U.S.C. §§ 2252A(a)(1) and
2252A(b). Thus, transportation of child pornography is a crime of violence within the
meaning of 18 U.S.C. § 3142(f)(1)(A).

Section 3143(a)(2) details two exceptions to mandatory detention for defendants
awaiting imposition or execution of a sentence. The defendant must be detained unless
"(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or
new trial will be granted; or (ii) an attorney for the Government has recommended that no
sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by
clear and convincing evidence that the person is not likely to flee or pose a danger to any
other person or the community." *Id.* Additionally, a person otherwise "subject to detention
under Section 3143(a)(2), and who meets the conditions of release set forth in Section
3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial
officer, if it is clearly shown that there are exceptional reasons why such person's detention
would not be appropriate." 18 U.S.C. § 3145(c).

The Court thus refers this matter to the Honorable Magistrate Judge Burch to determine whether Section 3143(a)(2)'s or Section 3145(c)'s exceptions are satisfied.

## 3. Conclusion

The issue of mandatory detention for this offense is referred to Magistrate Judge Burch for resolution.

So ordered on January ___, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE